UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Gary Allen SORENSON | ) | |
| Calgary, Canada | ) | |
| | ) | |
|        Plaintiff | ) | Civ. No. |
|    v. | ) | |
| | ) | |
| W. Ralph BASHAM. Commissioner | ) | |
| U.S. Customs and Border Protection | ) | |
| 1300 Pennsylvania Avenue, NW | ) | |
| Washington, DC 20229 | ) | |
| | ) | |
| MICHAEL CHERTOFF, Secretary | ) | |
| U.S. Department of Homeland Security | ) | |
| 425 Murray Drive, Building 410 | ) | |
| Washington, DC 20528 | ) | |
| | ) | |
| ROBERT S. MUELLER, Director | ) | |
| Federal Bureau of Investigation | ) | |
| J. Edgar Hoover Building | ) | |
| 935 Pennsylvania Avenue, N.W. | ) | |
| Washington, DC 20535 | ) | |
| | ) | |
|       Defendants | ) | |
| _____ | ) | |

## <u>COMPLAINT FOR MANDAMUS</u>

The Plaintiff, Gary Allen SORENSON, by counsel, complains of the Defendants, W. Ralph BASHAM, Commissioner, U.S. Customs and Border Protection, Michael CHERTOFF, Secretary, Department of Homeland Security, and Robert S. MUELLER, Director, Federal Bureau of Investigation, as follows:

**PREFATORY STATEMENT**

1.  This is an action to compel Defendants to take all appropriate action to adjudicate Plaintiff's application for a waiver of inadmissibility under 8 U.S.C. §1182(d)(3) that was filed with the U.S. Customs and Border Protection (hereafter "CBP") Port-of-Entry at Rainbow Bridge, Niagara Falls on November 17, 2005 and which Defendants have failed to take timely action on.

**JURISDICTION AND VENUE**

2.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal subject matter jurisdiction), in conjunction with 28 U.S.C. § 1361 (mandamus), the Administrative Procedure Act ("APA") at 5 U.S.C. §§ 555(b) and 702, and the Immigration and Nationality Act ("INA") and its related regulations.

3.  Under 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Section 242 of the INA, as amended by section 106 the Emergency Supplemental Appropriations Act for Defense, the Global War of Terror, and Tsunami Relief, Pub. L. 109-13 (May 11, 2005), 8 U.S.C. §1252, does not deprive this Court of jurisdiction. Section 242(b)(5) of the INA states that "a petition for review filed with an appropriate court of appeals in accordance with this section, shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act." As the present action is not an action to review a removal order but simply an action to compel CBP to adjudicate a long and unreasonably delayed application, this Court retains original mandamus jurisdiction under 28 U.S.C. § 1361.

4. Section 242(a)(2)(B) of the INA, 8 U.S.C. § 1252(a)(2)(B), as amended by the REAL ID Act of 2005, Pub. L. No. 109-13 (May 11, 2005), eliminated the authority of the federal courts to review decisions by the government to grant or deny discretionary relief.  Specifically, subsection (ii) of § 242(a)(2)(B) provides that "no court shall have jurisdiction to review . . . (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security . . . ."  8 U.S.C. § 1252(a)(2)(B)(ii).[1]  Notwithstanding this jurisdiction-stripping provision, however, this Court may exercise jurisdiction in the instant case because the Plaintiff challenges only the government's failure to *adjudicate* his application for a waiver of inadmissibility in the first instance.  Section 1252(a)(2)(B)(ii) does not strip federal courts of jurisdiction where – as in this case – the government has a nondiscretionary duty to act.  The Defendants owe the Plaintiff a duty to process and adjudicate his application for a waiver of inadmissibility, and they have unreasonably failed to perform that nondiscretionary duty.  *See* 8 U.S.C. § 1103; 8 C.F.R. §212.4(b).

6. This Court is also not deprived of jurisdiction by 8 U.S.C. §1252(a)(2)(C), which divests courts of jurisdiction to "review any final order of removal" against foreign nationals who have committed crimes.  Although Plaintiff has two 1964 convictions from Canada, this provision does not bar judicial review over this claim as Plaintiff

---

[1] "[T]his subchapter" refers to Subchapter II of Chapter 12 of Title 8 of the U.S. Code, which includes INA § 245, 8 U.S.C. § 1255.

does not seek review of a final order of removal but rather of the Defendant's failure to act on his application for a waiver of inadmissibility.

7. The APA requires the CBP to carry out its duties within a reasonable time.  5 U.S.C. § 555(b) provides that "[w]ith due regard for the convenience and necessity of the parties or their representatives and <u>within a reasonable time</u>, each agency shall proceed to conclude a matter presented to it."  (Emphasis added).

8. CBP is subject to 5 U.S.C. § 555(b).  As set forth below, the delay in processing the Plaintiff's application for waiver of inadmissibility is unreasonable.

9. Venue is proper in the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1391, as the Defendants are located in this District and a substantial part of the events or omissions giving rise to the present claims occurred in this District.

## PARTIES

10. The Plaintiff, GARY SORENSON, is a citizen of Canada.  He is the President of the Merendon Mining Corp. Ltd., an Alberta Corporation.

11. The Defendants, W. RALPH BASHAM, Commissioner, U.S. Customs and Border Protection; MICHAEL CHERTOFF, Secretary, U.S. Department of Homeland Security ("DHS") ; and ROBERT S. MUELLER, Director, Federal Bureau of Investigation ("FBI"), are made party defendants pursuant to 8 U.S.C. § 1182(d)(3).  CBP is the agency of the DHS charged with accepting and adjudicating waivers of inadmissibility under 8 U.S.C. 1182(d)(3)(B).  *See* 8 C.F.R. §212.4(b).  The FBI is the agency responsible for completing security checks, including name and fingerprint checks, for applicants for immigration benefits.

## CAUSE OF ACTION

12. On September 11, 2004, Defendant CBP found the Plaintiff to be inadmissible to the United States pursuant to 8 U.S.C. §1182(a)(2)(A)(i).  The basis for this finding was the Plaintiff's two 1964 convictions for petty theft in Yellowknife, Canada.  Other than these two convictions, the Plaintiff has no criminal record.

13. On November 16, 2005, the Plaintiff sought admission as a visitor to the U.S. and applied for a waiver of inadmissibility pursuant to 8 U.S.C. §1182(d)(3)(B) before CBP at the Rainbow Bridge in Niagara Falls, New York.  Plaintiff paid the required $265 application fee and submitted Form I-192 with supporting evidence.  *See* Exh. 1.

14. On January 16, 2006, Defendant CBP informed the Plaintiff that it required additional information.  *See* Exh. 2.  The plaintiff promptly provided that information to CBP on May 8, 2006. *See* Exh. 3.

15. The Plaintiff, through counsel, communicated with CBP officials in Lake Champlain, New York on June 7, 2006, October 16, 2006, December 15, 2006, February 1, 2007, and February 23, 2007 and was informed that name and date of birth checks remained pending with the Defendant FBI.  *See* Exh 4.

16. The Plaintiff, through counsel, inquired of the FBI via email on June 7, 2006 and February 6, 2007 and received no response. *See* Exh 4.

17. The Plaintiff has suffered harm by the Defendants' unreasonable delay in adjudicating his application for a waiver of inadmissibility.  The Plaintiff is a sixty-three year-old man who requires care from his cardiologist, Dr. Bernard Hertzberg, in Miami Beach, Florida.  In addition, the Plaintiff's business suffers if he is unable to visit the U.S. to meet with partners, financial institutions, vendors, customers, and attorneys.

## CLAIMS

18. The Plaintiff has fully complied with all of the requirements for seeking a waiver of inadmissibility under 8 USC §1182(d)(3).

19. The Defendants have willfully and unreasonably refused to adjudicate the Plaintiff's application for a waiver of inadmissibility.

20. The Defendants owe the Plaintiff a duty to act upon his properly filed request for a waiver of inadmissibility. *See Donovan v. United States*, 580 F.2d 1203, 1208 (3d Cir. 1978) (holding that mandamus is an appropriate remedy whenever a party demonstrates a clear right to have an action performed by a government official who refuses to act). The Plaintiff has no alternative means to obtain adjudication of his waiver application and his right to issuance of the writ is "clear and indisputable." *See Allied Chemical Corp. v. Daiflon Inc.*, 449 U.S. 33, 35 (1980).

21. Adjudicating the Plaintiff's application for a waiver of inadmissibility is a ministerial and non-discretionary act which the Defendants are under obligation to perform in a timely manner. *See* 8 C.F.R. §212.4(b).

22. The delay of fourteen months to adjudicate the Plaintiff's waiver application is *per se* unreasonable and is arbitrary and capricious.

23. The Defendants' delay and inaction are without justification and have forced the Plaintiff to resort to this Court for relief, and the Plaintiff is entitled to attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(2).

WHEREFORE, the Plaintiff prays that this Court:

A.     Compel the Defendants and those acting under them to immediately perform

their legal duty to adjudicate the Plaintiff's application for a waiver of

inadmissibility;

B.     Grant reasonable attorneys' fees and costs of court under EAJA;

C.     Grant such other and further relief as this Court deems proper.


Respectfully submitted this 2nd day of March 2007,

GARY ALLEN SORENSON

*By counsel,*


Thomas K. Ragland
DC Bar Number: 501021

MAGGIO & KATTAR
11 Dupont Circle, NW, Suite 775
Washington, DC 20036
Phone:  (202) 483-0053
Fax:  (202) 483-6801
tragland@maggio-kattar.com

*Counsel for Plaintiff*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**GARY ALLEN SORENSON**

Plaintiff(s),

vs.

**Civil Action No. 07-422 (RMC)**

**W. RALPH BASHAM, et al**

Defendant(s).

## <u>NOTICE REGARDING BULKY EXHIBITS</u>

Pursuant to the procedures for filing bulky pleadings, bulky exhibits have been filed in paper in

this case. The exhibits are available at the Clerk's Office for public viewing and copying

between the hours of 9:00 a.m. and 4:00 p.m., Monday through Friday.

**NANCY MAYER-WHITTINGTON**

Clerk

07-422
E
RMC

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS

Gary SORENSON

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

Calgary, Canada
88888

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Thomas K. Ragland
MAGGIO & KATTAR
11 Dupont Circle NW
Suite 775
Washington, D.C. 20036

## DEFENDANTS

W. Ralph BASHAM, Michael CHERTOFF, Robert S. MUELLER

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF

CASE NUMBER 1:07CV00422

JUDGE: Rosemary M. Collyer

DECK TYPE: General Civil

DATE STAMP: 03/02/2007

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ◯ 1 U.S. Government Plaintiff
- ◯ 3 Federal Question (U.S. Government Not a Party)
- ◉ 2 U.S. Government Defendant
- ◯ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP... 
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ◯ 1 | ◯ 1 | Incorporated or Principal Place of Business in This State | ◯ 4 | ◯ 4 |
| Citizen of Another State | ◯ 2 | ◯ 2 | Incorporated and Principal Place of Business in Another State | ◯ 5 | ◯ 5 |
| Citizen or Subject of a Foreign Country | ◯ 3 | ◯ 3 | Foreign Nation | ◯ 6 | ◯ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ◯ A. Antitrust
- ☐ 410 Antitrust

### ◯ B. Personal Injury/ Malpractice
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

### ◯ C. Administrative Agency Review
- ☐ 151 Medicare Act

**Social Security:**
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

**Other Statutes**
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ◯ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ◉ E. General Civil (Other) OR ◯ F. Pro Se General Civil

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☒ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ **G. Habeas Corpus/ 2255** | ○ **H. Employment Discrimination** | ○ **I. FOIA/PRIVACY ACT** | ○ **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted<br>Student Loans<br>(excluding veterans) |

| ○ **K. Labor/ERISA (non-employment)** | ○ **L. Other Civil Rights (non-employment)** | ○ **M. Contract** | ○ **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights<br>Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br>Employment<br>☐ 446 Americans w/Disabilities-<br>Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting<br>(if Voting Rights Act) |

**V. ORIGIN**

◉ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**

28 U.S.C. § 1361; 5 U.S.C. § 555(b) Complaint for Mandamus

| **VII. REQUESTED IN COMPLAINT** | CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23 | **DEMAND $** _____ **JURY DEMAND:** | Check YES only if demanded in complaint<br>YES ☐    NO ⊗ |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

DATE  3/2/07    SIGNATURE OF ATTORNEY OF RECORD

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.