UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                            )
Gary Allen SORENSON,                        )
                                            )
    Plaintiff                              )   Civ. No.  1:07-cv-00422-RMC
                                            )
v.                                          )
                                            )
W. Ralph BASHAM, Commissioner,              )
U.S Customs and Border Protection, et al.,  )
                                            )
    Defendants                             )
_____)

**OPPOSITION TO DEFENDANTS' MOTION FOR ENLARGEMENT OF TIME TO ANSWER, MOVE OR OTHERWISE RESPOND TO THE COMPLAINT**

    The Plaintiff, GARY ALLEN SORENSON, respectfully opposes the Defendants' Motion for Extension of Time to Answer, Move or Otherwise Respond to the Complaint in the above-captioned case.  The Plaintiff filed a complaint for mandamus with this Court on March 2, 2007. The U.S. Government Defendants were properly served; the U.S. Attorney was served on March 5, 2007 and an answer was due on or before May 4, 2007.  *See* Fed. R. Civ. P. 12(a)(3)(A).  The Defendants have failed to respond to Plaintiff's complaint within the 60 days provided, nor have the Defendants presented good cause for an extension of time to answer the Plaintiff's complaint. Further, the Defendants' inaction and failure to respond within 60 of service of the complaint does not constitute "excusable neglect."  Fed R. Civ. P. 6(b)(2).  Accordingly, the Defendants' motion for extension should be denied.

    The Plaintiff's underlying complaint is an action for mandamus and declaratory relief pursuant to 28 U.S.C. §§1331 and 1361, 5 U.S.C. §§555(b) and 702, and the Immigration and Nationality Act ("INA") and its related regulations.  As set forth in his complaint, the Plaintiff

seeks to compel the Defendants, in particular U.S. Customs and Border Protection ("CBP"), as well as the Federal Bureau of Investigation ("FBI"), to adjudicate his long-delayed application for a waiver of admissibility under 8 U.S.C. §1182(d)(3) that was filed with CBP at Rainbow Bridge, Niagara Falls on November 17, 2005. The Defendants have unreasonably withheld action on that application for more than seventeen months, to the serious and ongoing detriment of the Plaintiff.

On March 15, 2007, Special Assistant U.S. Attorney Sherease Louis entered her appearance on behalf of the Defendants. On May 7, 2007, the undersigned counsel contacted Ms. Louis to inquire into the Government's position on the Plaintiff's complaint, as the 60-day deadline for the Defendants' to file an answer had expired on May 4, 2007. Ms. Louis expressed surprise and advised the undersigned counsel that she believed the 60-day answer deadline actually fell on May 7, 2007. The undersigned then directed Ms. Louis to the Docket Report on the Public Access to Court Electronic Records (PACER) system, which clearly indicates a response deadline of May 4, 2007. (Attached hereto). Ms. Louis promised to get back in touch with the undersigned counsel later in the day.

In the afternoon of May 7, 2007, Ms. Louis contacted a colleague of the undersigned regarding the Plaintiff's complaint. Ms. Louis asserted that since the tragic events of September 11, 2001, there has been an increase in the number of background checks requested of the FBI by other agencies, causing lengthier delays in investigating individuals who seek immigration benefits. She further asserted, as stated in the Defendants' motion, that she has "been unable to complete the discussions and coordination with one of the three agencies that would be necessary for the filing of the Defendants' response," and therefore intended to seek additional time to prepare and submit an answer to the Plaintiff's complaint. Plaintiff's counsel advised Ms. Louis

that although he is sympathetic to her predicament, the Plaintiff is opposed to any extension of time in this case.

As per the Initial Electronic Case Filing Order, the Return of Service was filed with the Court's Electronic Case Filing System on March 28, 2007; therefore, Ms. Louis received an electronic notification that the Defendants' response was due on or before May 4, 2007. In addition, Ms. Louis has access to Public Access to Court Electronic Records (PACER) electronic system and is thus able to view the docket for the above-captioned case. Failure of the three agencies to "complete the discussions and coordination" necessary for Ms. Louis to make a response on behalf of the Defendants does not constitute "excusable neglect" to allow the Defendants an enlargement of time beyond the 60 days from initial service of the complaint upon the U.S. Attorney, which have already elapsed. Fed R. Civ. P. 6(b)(2).

On May 7, 2007, counsel for the Defendants filed a Motion for Extension of Time to Answer, Move or Otherwise Respond to Plaintiff's Complaint. The Government has failed to present good cause for an extension of time. *See* Fed. R. Civ. P. 6(b); *see Jackson v. Finnegan, Farabow, Garrett & Dunner*, 101 F.3d 145 (D.D.C. 1996). Contrary to the Government's motion, the effort of coordinating with three separate agencies does not amount to "good cause shown" for an extension. Nor do the tragic events of September 11, 2001 and the subsequent increase in background checks amount to "good cause shown" for an extension of time for the Defendants to respond in this case. Such agency unresponsiveness and general difficulty in coordination between the different agencies are entirely characteristic of the treatment that the Plaintiff has endured since applying for a waiver of inadmissibility in November 2005. In fact, the sole basis for the Plaintiff's underlying complaint is the unreasonable delay by CBP and its fellow U.S. Government Defendants in adjudicating his waiver of inadmissibility application.

Further delay will only perpetuate the harm already suffered by the Plaintiff, who clearly has been prejudiced by the Government's inaction. The Defendants have already been afforded 60 days within which to respond to the Plaintiff's complaint; they failed to even request an extension within this time frame, and a further extension of time is not justified.

WHEREFORE, the Plaintiff respectfully opposes the Defendants' motion for enlargement of time to move, answer or otherwise respond to the Plaintiff's complaint. A proposed order denying the relief sought is attached hereto.

Respectfully submitted this <u>8th</u> day of May 2007,

GARY ALLEN SORENSON
*By counsel,*

_____
Thomas K. Ragland
DC Bar Number: 501021

MAGGIO & KATTAR
11 Dupont Circle, NW, Suite 775
Washington, DC 20036
Phone: (202) 483-0053 / Fax: (202) 483-6801
tragland@maggio-kattar.com
*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
Gary Allen SORENSON,                )
                                    )
    Plaintiff                       )    Civ. No.  1:07-cv-00422-RMC
                                    )
v.                                  )
                                    )
W. Ralph BASHAM, Commissioner,      )
U.S Customs and Border Protection, et al., )
                                    )
    Defendants                      )
_____)

## **ORDER**

UPON CONSIDERATION of the Defendants' Motion for Enlargement of Time,

and the Plaintiff's response thereto, it is this _____ day of _____, 2007

HEREBY ORDERED that the motion is DENIED.


Date_____            _____
                                  Rosemary M. Collyer
                                  United States District Judge

Thomas K. Ragland
MAGGIO & KATTAR
11 Dupont Circle, NW Suite 775
tragland@maggio-kattar.com
Phone: 202-483-0053  Fax: 202-483-6801

TYPE-E

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: 1:07-cv-00422-RMC

| | |
|---|---|
| SORENSON v. BASHAM et al | Date Filed: 03/02/2007 |
| Assigned to: Judge Rosemary M. Collyer | Jury Demand: None |
| Cause: 28:1361 Petition for Writ of Mandamus | Nature of Suit: 890 Other Statutory Actions |
| | Jurisdiction: U.S. Government Defendant |

**Plaintiff**

**GARY ALLEN SORENSON**   represented by   **Thomas K. Ragland**
MAGGIO & KATTAR, P.C.
11 Dupont Circle, NW
Suite 775
Washington, DC 20036
(202) 483-0053
Email: tragland@maggio-kattar.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**W. RALPH BASHAM**   represented by   **Sherease Louis**
*Commissioner, U.S. Customs and Border Protection*
U.S. ATTORNEY'S OFFICE
555 Fourth Street, NW
Room 4821
Washington, DC 20530
(202) 307-0895
Email: sherease.louis@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**MICHAEL CHERTOFF**   represented by   **Sherease Louis**
*Secretary, U.S. Department of Homeland Security*
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**ROBERT S. MUELLER**   represented by   **Sherease Louis**
*Director, Federal Bureau of Investigation*
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/02/2007 | 1 | COMPLAINT against W. RALPH BASHAM, MICHAEL CHERTOFF, ROBERT S. MUELLER ( Filing fee $ 350 receipt number 4616002674)filed by GARY ALLEN SORENSON. (Attachments: # 1 Notice of Bulky Exhibits# 2 Civil Cover Sheet)(tg, ) (Entered: 03/05/2007) |
| 03/02/2007 |  | Summons (5) Issued as to W. RALPH BASHAM, MICHAEL CHERTOFF, ROBERT S. MUELLER, U.S. Attorney and U.S. Attorney General (tg, ) (Entered: 03/05/2007) |
| 03/15/2007 | 2 | NOTICE of Appearance by Sherease Louis on behalf of W. RALPH BASHAM, MICHAEL CHERTOFF, ROBERT S. MUELLER (Louis, Sherease) (Entered: 03/15/2007) |
| 03/28/2007 | 3 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed on Attorney General. Date of Service Upon Attorney General 03/05/2007. (Ragland, Thomas) (Entered: 03/28/2007) |
| 03/28/2007 | 4 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to the US Attorney. (Ragland, Thomas) (Entered: 03/28/2007) |
| 03/28/2007 | 5 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to W. RALPH BASHAM served on 3/5/2007, answer due 5/4/2007. (Ragland, Thomas) (Entered: 03/28/2007) |
| 03/28/2007 | 6 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to MICHAEL CHERTOFF served on 3/9/2007, answer due 5/8/2007. (Ragland, Thomas) (Entered: 03/28/2007) |
| 03/28/2007 | 7 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to ROBERT S. MUELLER served on 3/5/2007, answer due 5/4/2007. (Ragland, Thomas) (Entered: 03/28/2007) |
| 05/07/2007 | 8 | First MOTION for Extension of Time to File Answer re 1 Complaint by W. RALPH BASHAM, MICHAEL CHERTOFF, ROBERT S. MUELLER (Attachments: # 1 Text of Proposed Order)(Louis, Sherease) (Entered: 05/07/2007) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 05/08/2007 09:59:14 | | | |
| PACER Login: | mk1716 | Client Code: | 05-267 |
| Description: | Docket Report | Search Criteria: | 1:07-cv-00422-RMC |
| Billable Pages: | 1 | Cost: | 0.08 |