UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GARY ALLEN SORENSON, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>W. RALPH BASHAM, *et al.*, )<br>)<br>Defendants. )<br>) | Civil Action No. 07-0422 (RMC) |

**DEFENDANTS REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION FOR ENLARGEMENT OF TIME TO ANSWER, MOVE OR
OTHERWISE RESPOND TO PLAINTIFF'S COMPLAINT**

Defendants, through counsel, the United States Attorney for the District of Columbia, respectfully file this reply in response to Plaintiff's Opposition to Defendants' Motion for Enlargement of Time to Answer, Move or Otherwise Respond to Plaintiff's Complaint ("Opp.").

**I.   Proper Service on the U.S. Attorney's Office**

Rule 4(i)(l) of the Federal Rules of Civil Procedure requires that service on the United States Attorney for the District in which a civil action is brought may be accomplished by *hand delivery* of the summons and complaint to the United States Attorney, or an Assistant United States Attorney or clerical employee designated to receive service on the United States Attorney's behalf (emphasis added).  Fed. R. Civ. P. 4(i)(1)(A).  In this Office, the United States Attorney has designated the Secretary, or acting Secretary, to the Chief of the Civil Division, as well as the Secretaries to the Deputy Chiefs of the Division, as persons to whom hand-delivery of a summons and complaint may be made.  Alternatively, Rule 4(i)(1) permits service to be accomplished by sending the summons and complaint by registered or certified mail addressed to the "Civil Process Clerk" at the Office of the United States Attorney.  *Id.*

Plaintiff served Jeffrey Taylor by certified mail on March 5, 2007. Civil Docket # 4. Under Rule 4(i)(1)(A), because Plaintiff effected service by certified mail, Plaintiff was required to designate the "Civil Process Clerk" as the recipient of the summons and complaint. Plaintiff's failure to properly designate the "Civil Process Clerk" at the U.S. Attorney's Office resulted in a delay in receipt by the Civil Division of the Summons and Complaint. Although the Summons and Complaint were received in the mail room of the United States Attorney's Office on March 5, 2007, and the return receipt was signed and returned by mail room employees on that date, it was not actually received by the "Civil Process Clerk" until the next day.

## II.     Plaintiff's Complaint for Mandamus

Plaintiff seeks mandamus relief to compel the Defendants to adjudicate Plaintiff's application for a waiver of inadmissibility pursuant to 8 U.S.C. § 1182(d)(3)(B), which is pending before United States Customs and Border Protection ("USCBP"). In September 2004, Plaintiff was determined to be inadmissible to the United States based upon two prior criminal convictions for theft. Complaint ¶ 12. Plaintiff, through counsel, Thomas K. Ragland, complains that he subsequently completed an application for waiver of inadmissibility, on May 8, 2006, and "Defendants have willfully and unreasonably refused to adjudicate the Plaintiff's application for a waiver of inadmissibility. . . . [and that][t]he delay of fourteen months to adjudicate the Plaintiff's waiver application is *per se* unreasonable and is arbitrary and capricious." Complaint at ¶¶ 19, 22.

Defendant notes that the time period between Plaintiff's May 8, 2006, submission of the additional information requested by USCBP in order to adjudicate his application for waiver of inadmissibility and the March 2, 2007, filing of Plaintiff's Complaint is just under ten months,

not fourteen months as Plaintiff alleges in his Complaint. In this regard, Defendant submits that Plaintiff was notified by USCBP on January 16, 2006, that his application for waiver of inadmissibility was incomplete, and that he needed to submit the additional documentation "not later than April 15, 2006." Plaintiff was further advised that if he did not timely submit the additional information by April 15, 2006, his application would be denied for lack of initial evidence. Complaint, Exhibit 2. Plaintiff did not submit the additional information requested until May 8, 2006. Complaint ¶ 14. Plaintiff then filed his Complaint on March 2, 2007.

### III.  Defendants' First Request for An Enlargement of Time

As indicated in the Motion, this is the Defendants' first request for an enlargement of time, of merely seven (7) days, in this matter. As there are no pending deadlines, this enlargement will not affect any other deadlines in this matter. Accordingly, for reasons stated in Defendants' Motion and herein, Defendants respectfully request that the Motion for Enlargement of Time be granted.

Respectfully submitted,

  Jeffery A. Taylor
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

  Rudolph Contreras
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

 /s/Sherease Louis
SHEREASE LOUIS
Special Assistant United States Attorney
555 Fourth Street, N.W., Civil Division
Washington, D.C. 20530
(202) 307-0895
Counsel for Defendants

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **GARY ALLEN SORENSON,**  )<br>)<br>Plaintiff,  )<br>v.  )<br>)<br>**W. RALPH BASHAM,** *et al.*,  )<br>)<br>Defendants.  )<br>_____ ) | Civil Action No. 07-0422 (RMC) |

**CERTIFICATE OF SERVICE**

I hereby certify that service of the foregoing Reply to Plaintiff's Opposition to Defendants' Motion for Enlargement of Time To Answer, Move or Otherwise Respond to Plaintiff's Complaint was sent by the Court's Electronic Case Filing System, this 8th day of May, 2007, to:

Thomas K. Ragland
Maggio & Kattar
11 Dupont Circle, N.W.
Suite 775
Washington, D.C.  20036

_____
SHEREASE LOUIS
Special Assistant United States Attorney